Gould *v.* Gould & another. ·

JEREMIAH GOULD *vs.* ABIGAIL GOULD & another.

*The court has no jurisdiction in equity in cases of mere mistake.*

A. died intestate, leaving B. a son, and C. a daughter, his only lawful heirs, and D. an elder illegitimate son, who had always been recognized by A. as a lawful child, and had lived in A.'s family during his minority, and whose illegitimacy was not known nor suspected by the lawful heirs, nor shown to have been known by himself: D. claimed one third of A.'s real estate, and gave to B. a quitclaim deed of all his interest in the estate; for which B. gave him a promissory note : After D.'s death, B. took up the note, and gave one pavable to D.'s widow, who was his executrix and residuary legatee, and afterwards paid that note, in part, by transferring to the widow a note of J. which was payable to B.: J. afterwards took up that note and gave one to the widow, payable to herself: B. subsequently discovered the illegitimacy of D., and filed a bill in equity against the widow of J., praying for a decree that the widow had no right in the last mentioned note, and that J. should pay the amount thereof to B., and that the widow should give up the note to be cancelled.

*Held,* that all the transactions set forth in the bill were founded on mistake ; that no trust arose therefrom in favor of B., of which cognizance could be taken under the Rev. Sts. *c.* 81 ; and that the bill must be dismissed for want of jurisdiction of the matter thereof.

THIS was a bill in equity, in which the plaintiff alleged that he and one sister were the sole heirs of their father, who died intestate, in February 1832 : That a son of the plaintiff's father and mother, who was born before their marriage, was acknowledged by them as a lawful child, and always lived with them until 1813, when he was twenty one years old : That in April 1832, the sister of the plaintiff conveyed to him all her title to her father's real estate : That the son aforesaid " assumed to own one third of said real estate ; and the plaintiff, not knowing or suspecting otherwise," took from him, on the 1st of March 1832, a conveyance, by quitclaim deed, of his inheritance in said estate, and gave him, as a consideration for such conveyance, a promissory note for $ 600 : That the plaintiff, on the 21st of the same March, paid $ 100 on said note : That on the 1st of April 1833, the balance on said note was $ 532·85, and on the same day there was justly due from the plaintiff to said son, on

other dealings, $217·15, which sum was settled, and the plaintiff thereupon took up the said note, and gave to said son a new note for $750, which was partly paid by the plaintiff, and cancelled, on the 1st of April 1834, and a new note given to said son for $700 :    That said son died testate, on the 10th of November 1834, leaving his widow, Abigail Gould, one of the defendants, and three daughters, and by his will (which was duly proved and allowed soon after his death) gave $100 to each of his daughters, and the residue of his property, which was wholly personal, to said Abigail, after paying his debts :    That said Abigail was executrix of his will, and administered as such ; and that the residue of said property, after payment of the debts and the legacies to the daughters, was $2000 :    That the plaintiff, on the 1st of April 1835, paid to said Abigail the interest on said note for $700, and on the 1st of April 1836, again paid to her the interest thereon, and then took up said note, and gave a new note for $700, payable to her or her order, on which the plaintiff paid a year's interest in April 1837 :    That on the 1st of October 1838, Charles Johnson, the other defendant, owed the plaintiff a note of $500, which the plaintiff then transferred to said Abigail, and also paid her $20 in money ; and she thereupon indorsed $520 upon the note for $700, which she held, as aforesaid, against the plaintiff :    She also gave up to said Johnson the note so transferred to her by the plaintiff, and took from said Johnson a new note for $500, payable to herself, which she still holds :    That in April 1839, the plaintiff paid to said Abigail, on the last named $700 note, $31·65, and thereupon took up the same and gave her a new note for $200, which she still holds, and on which no payment has been made.

The plaintiff alleged that the original note for $600, given as a consideration for the conveyance above mentioned, was voidable for want or for failure of consideration, and for mistake of the rights of the plaintiff and of the said son, the payee of said note, and might have been avoided in the life time of the payee : That the $217·15, which was a partial good consideration for the aforesaid $750 note, had been fully paid, with interest, before said Johnson's note aforesaid was transferred to said Abi-

gail ; and that the amount of said Johnson's note, and interest from its date, and the amount of said $ 200 note, now held by said Abigail, are both not equal to the original $ 600 note, and interest thereon from its date : That the said notes now in the hands of said Abigail, as legatee under her husband's will, are liable to the same equity as if her husband were now alive and were the holder of said notes : That the plaintiff ought to have the amount of said Johnson's note to the widow, because his transfer of the note for which it was substituted is supported by no other consideration besides that of the $ 600 note given by the plaintiff for the deed aforesaid, which conveyed no interest to him ; and that said Johnson was willing to pay his said note to whomsoever the court shall adjudge that it belongs.

The plaintiff further averred that he first discovered the said mistake in March 1840, and never, until that time, suspected that the son aforesaid was not a lawful heir of his father : That he has since requested said Abigail to surrender the said notes ; but that she has refused so to do.

The bill concluded with a prayer for a decree that said Abigail has no right in the Johnson note, but that the plaintiff has the right to the same ; and that Johnson, under the indemnity of the court, be decreed to pay to the plaintiff the amount due thereon ; and that said Abigail be required to deliver up the note to be cancelled. There was also a prayer for such other relief as equity requires.

The defendant, Abigail Gould, demurred to the bill, and assigned two causes of demurrer : 1st. Want of jurisdiction, in this court, of the case stated in the bill : 2d. Want of equity ; because the plaintiff is entitled neither to discovery nor relief.

*B. R. Curtis,* in support of the demurrer.

*E. Ames,* for the plaintiff.

WILDE, J. Admitting the facts stated in the bill, as they are admitted by the demurrer, we think it clear that the case is not within the equity jurisdiction of this court. The prayer for relief is founded on a pure mistake ; and this court has no jurisdiction in equity, in cases founded merely on mistake.

The plaintiff's counsel contends, that the mistake in this case,

in connexion with the surrounding circumstances alleged, generated a trust, of which this court has jurisdiction. But all the circumstances and proceedings are founded in mistake ; and if a trust may be raised or implied, where money has been paid by mistake, or fraud, which the party receiving it cannot conscientiously withhold from another party ; such a constructive trust *in invitum* is distinguishable from an implied trust arising from the presumed intention of the parties, (2 Story on Eq. §§ 1255, 1256,) and is clearly not within the true meaning of the Rev. Sts. *c.* 81, § 8. If such trusts were within the statute, we must take jurisdiction of all cases, or most cases, of mistake or fraud ; which the legislature manifestly never intended to allow.

Then it was argued, that this bill may be supported on the ground that here are more than two parties interested, having distinct rights or interests which cannot be justly or definitively decided in one action at the common law. But this is not such a case. It is clear that Johnson is bound to pay his note to Abigail Gould, the promisee. The plaintiff's remedy, if he has any, is against her. But if Johnson has the right to compel the plaintiff and Abigail Gould to interplead, he alone can file a bill for that purpose. Whether he has such a right, or not, we give no opinion.

*Bill dismissed with costs.*